RENDERED:  SEPTEMBER 24, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0129-MR

EUGENE COLLINS, JR. APPELLANT

APPEAL FROM OWEN CIRCUIT COURT
v. HONORABLE R. LESLIE KNIGHT, JUDGE
ACTION NO. 05-CR-00008

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE:  Eugene Collins, Jr. (Collins) appeals from a judgment of the

Owen Circuit Court dismissing his post-conviction request for DNA testing of

biological evidence.  We conclude that the trial court properly applied KRS[1]

---

[1] Kentucky Revised Statutes.

422.285 and did not err by denying Collins' request for post-conviction DNA testing. Hence, we affirm.

On August 31, 2005, Collins pled guilty to murder,[2] first-degree rape,[3] first-degree burglary,[4] and tampering with physical evidence.[5] On September 29, 2005, the court sentenced him to life imprisonment.

On September 24, 2019, Collins filed a motion asking the court to order DNA testing of a sexual assault kit taken from the victim. Collins acknowledges that this kit has already been tested and the results were inconclusive. However, he argues that the previous test "was performed during the infantile stage of recognition in the development of DNA testing," and should the test be performed today, it will "allow for a definitive result."

The trial court refuted Collins' claim that DNA testing in 2005 was in the "*infantile* stage" because the DNA testing employed had been in use since at least 1988.[6] The trial court further explained that Collins is not entitled to post-

---

[2] KRS 507.020.

[3] KRS 510.040.

[4] KRS 511.020.

[5] KRS 524.100.

[6] *See* JUSTICE MING W. CHIN, MICHAEL CHAMBERLAIN, AMY ROJAS & LANCE GIMA, FORENSIC DNA EVIDENCE: SCIENCE AND THE LAW § 2:1 (2019) ("The first use of nuclear DNA evidence (i.e., analysis of DNA patterns in the nuclei of cells) for forensic identification purposes took place in a 1988 Florida case. At the time, DNA sequencing and comparison had been in development and use for about ten years, but its application had been largely limited to the

conviction DNA testing under KRS 422.285. Under the statute, a defendant who was not sentenced to death would only be entitled to post-conviction DNA testing had he been "convicted of the offense after a trial or after entering an *Alford* plea[.]"[7] The court reasoned that, because Collins was not sentenced to death, nor did he enter an *Alford*[8] plea, his petition for DNA testing pursuant to KRS 422.285 should be denied.

We begin by reviewing the standard to be used when handling a petition for post-conviction DNA testing. The standard of review for a court's denial of DNA testing pursuant to KRS 422.285 is for abuse of discretion. *Moore v. Commonwealth*, 357 S.W.3d 470, 492 (Ky. 2011). The test for abuse of discretion is "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000). A trial court abuses its discretion when its decision rests on an error of law (such as the application of an erroneous legal principle or a clearly erroneous factual finding), or when its decision cannot be located within the range of permissible decisions allowed by a correct

---

diagnosis, treatment and study of genetically inherited diseases. The first California appellate opinion on the admissibility of forensic DNA evidence was issued in 1991.") (quotation marks and citations omitted).

[7] KRS 422.285(5)(d).

[8] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

application of the facts to the law. *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004).

On appeal, Collins urges this Court to find that the trial court abused its discretion by denying his request for post-conviction DNA testing of preserved biological evidence. To be eligible for post-conviction DNA testing, the court must find that the defendant satisfied KRS 422.285. Section (1) of the statute identifies individuals convicted of a capital offense, a Class A felony, a Class B felony, or any offense designated a violent offense under KRS 439.3401 as entitled to seek post-conviction DNA testing. Here, Collins satisfies section (1) of the statute.

Furthermore, to be eligible for post-conviction DNA testing, the court must find that the defendant satisfied *all* six subsections under either KRS 422.285(5) or (6). Section (5) sets out the circumstances where DNA testing is required, whereas section (6) sets out the circumstances where the court has discretion to allow for DNA testing.

Under KRS 422.285(5), the court shall order DNA testing and analysis if the court finds:

> (a) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing and analysis;

-4-

(b) The evidence is still in existence and is in a condition that allows DNA testing and analysis to be conducted;

(c) The evidence was not previously subjected to DNA testing and analysis or was not subjected to the testing and analysis that is now requested and may resolve an issue not previously resolved by the previous testing and analysis;

(d) Except for a petitioner sentenced to death, the petitioner was convicted of the offense after a trial or after entering an *Alford* plea;

(e) Except for a petitioner sentenced to death, the testing is not sought for touch DNA, meaning casual or limited contact DNA; and

(f) The petitioner is still incarcerated or on probation, parole, or other form of correctional supervision, monitoring, or registration for the offense to which the DNA relates.

Under KRS 422.285(6), the court may order DNA testing and analysis if the court finds:

(a) A reasonable probability exists that either:

1. The petitioner's verdict or sentence would have been more favorable if the results of DNA testing and analysis had been available at the trial leading to the judgment of conviction; or

2. DNA testing and analysis will produce exculpatory evidence;

(b) The evidence is still in existence and is in a condition that allows DNA testing and analysis to be conducted;

(c) The evidence was not previously subject to DNA testing and analysis or was not subjected to the testing and analysis that is now requested and that may resolve an issue not previously resolved by the previous testing and analysis;

(d) Except for a petitioner sentenced to death, the petitioner was convicted of the offense after a trial or after entering an *Alford* plea;

(e) Except for a petitioner sentenced to death, the testing is not sought for touch DNA, meaning casual or limited contact DNA; and

(f) The petitioner is still incarcerated or on probation, parole, or other form of correctional supervision, monitoring, or registration for the offense to which the DNA relates.

The relevant subsections to be analyzed are (a) and (d) under both sections (5) and (6). First, we address Collins' contention that the trial court failed to adequately analyze the reasonable probability consideration pursuant to KRS 422.285(5)(a) and (6)(a). Collins alleges that the trial court improperly dismissed his request prior to deciding on the reasonable probability consideration. Next, Collins asserts that the DNA contained in the sexual assault kit is not his, but instead belongs to a third party. Further, Collins contends that testing the DNA now would render a definite result after technological advances have been made and exclude him as the DNA's source. Therefore, Collins argues that such a test result would have made a difference to his decision to plead guilty, because the updated DNA test result would have prevented the Commonwealth from proving

first-degree rape, thus eliminating the aggravating factor required to make him eligible to receive the death penalty.

However, the statute requires a hearing only if there is a "reasonable probability that the DNA evidence the petitioner seeks would have made a difference had it been available at or before trial[.]" *Owens v. Commonwealth*, 512 S.W.3d 1, 7 (Ky. App. 2017). To successfully obtain a hearing on the matter under KRS 422.285, a defendant "must show that 'the evidence sought would either exonerate [him], lead to a more favorable verdict or sentence, or otherwise be exculpatory. To do this, the [defendant] must describe the role the evidence would have had if available in the original prosecution.'" *Wilson v. Commonwealth*, 381 S.W.3d 180, 190 (Ky. 2012) (quoting *Bowling v. Commonwealth*, 357 S.W.3d 462, 468 (Ky. 2010)). In this case, Collins did not satisfy this burden of proof.

Here, Collins fails to show how a more favorable DNA result would prevent the Commonwealth from proving first-degree rape or eliminate "the aggravating factor" required for death penalty eligibility. While the DNA results presented at trial were not conclusive, the Commonwealth has overwhelming and compelling evidence that Collins did rape the victim. A note found near the victim's body linked Collins to the crime scene, and previous rape victims of his testified that this crime matched his *modus operandi*.[9] Finally, Collins would have

---

[9] *See Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

been eligible for the death penalty regardless of the Commonwealth's ability to prove first-degree rape because convictions for first-degree burglary and murder alone qualify a defendant for the death penalty.[10] Therefore, denying Collins' motion was appropriate because it is not reasonably probable that a new DNA test result would have changed his sentencing.

Furthermore, Collins was not eligible for post-conviction DNA testing because he also failed to meet the additional standards for eligibility as required by KRS 422.285, specifically (5)(d) and (6)(d). Both sections provide that, except for a petitioner sentenced to death, the petitioner must show he was convicted of the offense after a trial or after entering an *Alford* plea. Here, Collins was not found guilty following a jury trial, and did not enter an *Alford* plea.

We conclude that Collins failed to satisfy all the requirements of KRS 422.285, making him ineligible for post-conviction DNA testing. Therefore, the Owen Circuit Court correctly dismissed Collins' petition without an evidentiary hearing because he was not within the category of convicted felons entitled to post-conviction DNA testing pursuant to KRS 422.285.

Accordingly, we affirm the Owen Circuit Court's order.

---

[10] KRS 532.025(2)(a)2.

ALL CONCUR.


BRIEF FOR APPELLANT:                BRIEF FOR APPELLEE:

Eugene Collins, Jr., *pro se*        Daniel Cameron
Beattyville, Kentucky                Attorney General of Kentucky

                                     Robert Baldridge
                                     Assistant Attorney General
                                     Frankfort, Kentucky